1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6          EUREKA DIVISON

7

8    ALEXIS JOEL AMAYA,                         Case No.   16-cv-5069-NJV (PR)

                   Petitioner,
9                                               **ORDER LIFTING STAY AND FOR**
          v.                                    **RESPONDENT TO SHOW CAUSE**
10
                                                Dkt. No. 9
     SCOTT FRAUENHEIM,
11
                   Respondent.
12

13         Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant

14   to 28 U.S.C. § 2254.  The case was stayed to petitioner could exhaust additional claims. (Doc. 7.)

15   Petitioner has filed an amended petition and seeks to lift the stay.  (Doc. 9.)

16                                            **DISCUSSION**

17         **STANDARD OF REVIEW**

18         This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

19   custody pursuant to the judgment of a State court only on the ground that he is in custody in

20   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v.*

21   *Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

22   requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of

23   habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

24   must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

25   each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice'

26   pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

27   of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

28   688, 689 (1st Cir. 1970)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) there was a Fourth Amendment violation with respect to a pretext call to petitioner's house by the victim; (2) trial counsel was ineffective for failing to file a motion to suppress evidence with respect to the pretext call; (3) the trial court erred in admitting the evidence of the pretext phone call; (4) ineffective assistance of appellate counsel for failing to raise the above claims; (5) the trial court erred in admitting Child Sexual Abuse Accommodation Syndrome (CSAAS) evidence; (6) the trial court erred in allowing supplemental arguments by counsel during the jury's deliberation and counsel was ineffective for failing to object; and (7) the trial court abused its discretion in denying petitioner probation.

The first claim in the petition regarding the Fourth Amendment violation is dismissed. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. Sixth Amendment claims based on incompetent representation by counsel with respect to Fourth Amendment issues may be the basis for a habeas action and are not barred by *Stone v. Powell*. *See Kimmelman v. Morrison*, 477 U.S. 365, 373-83 (1986). Therefore, the second claim may proceed as well as the remaining claims, which liberally construed, are sufficient to require a response.

**CONCLUSION**

1. Petitioner's motion to file an amended petition and lift the stay (Docket No. 9) is **GRANTED**. The stay in this case is **LIFTED** and the case is **REOPENED**.

2. The clerk shall serve by regular mail a copy of this order, the petition (Docket No. 9) and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a

1　copy of this order on petitioner.

2　　3.　Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of

3　the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

4　Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

5　Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

6　trial record that have been transcribed previously and that are relevant to a determination of the

7　issues presented by the petition.

8　　If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

9　court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

10　　4.　Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as

11　set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

12　If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered.  If

13　a motion is filed, petitioner shall file with the court and serve on respondent an opposition or

14　statement of non-opposition within twenty-eight (28) days of receipt of the motion, and

15　respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of

16　receipt of any opposition.

17　　5.　Petitioner is reminded that all communications with the court must be served on

18　respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep

19　the court informed of any change of address and must comply with the court's orders in a timely

20　fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

21　to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

22　1997) (Rule 41(b) applicable in habeas cases).

23　　**IT IS SO ORDERED.**

24　Dated:   May 26, 2017

25

26　NANDOR J. VADAS
　　United States Magistrate Judge

27

28